[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This civil action was brought by the named plaintiff against the defendants in connection with the sale CT Page 1187 and purchase of a residential dwelling house located in a area being developed by the defendant-Westfield Street Associates. The defendant McCutcheon Burr is a duly authorized Connecticut Corporation who executed an agreement on or about May 11, 1987 whereby the defendant agreed to sell to the plaintiff a new house built by the defendant on real property more particularly described in the complaint for the sum of $220,000. Said McCutcheon Burr is a general partner of the defendant Westfield Street Associates. Defendants admit that the Westfield Street Associates, a Connecticut partnership in conjunction with McCutcheon Burr, Inc. a partner, transferred said real estate from the defendants on or about October 30, 1987 to the plaintiff for said amount as aforesaid.
The defendant Brian Flannery is found by this court to be the agent, servant and/or employee of the defendants McCutcheon Burr and Westfield Associates, and at all times herein acting in a representative capacity, he for himself and for his principals in his dealings with the plaintiff Elizabeth Fanska, was acting within the scope of his real or apparent authority in connection with his association with the other named defendants.
Prior to signing the contract and prior to the closing on said property, the plaintiff Elizabeth Fanska, for good and sufficient reasons of her own was particularly and significantly concerned with the proposition that this new home that she was buying have a dry basement. She made inquiries before entering into the contract of McCutcheon Burr and their agents and after entering into the contract concerning this and it was expressly warranted to her by Brian Flannery that she would have a "dry basement". At the time of closing she raised the question about the wetness of the basement and Brian Flannery, on behalf of himself and his principals, warranted to her that corrective measures would be taken to clear up the basement water problem. She had also complained in connection with a ponding problem in the rear yard and this was not corrected prior to the closing and has not been corrected to the date of the trial.
Brian Flannery, in his testimony to court, admitted that although he had taken steps to so do he had not adequately corrected the basement water problem and as of the date of the trial he concurred that Elizabeth Fanska was still suffering from the problems connected with a wet basement.
The court finds that the plaintiff reasonably relied on the representations of the defendants and as a CT Page 1188 result thereof entered into the agreement to purchase and indeed accepted delivery of a deed of conveyance to the premises.
The water is entering the basement area of the house in many different locations such as corners, areas near the stairway, areas adjacent to the electrical panel and various tie-rod holes in the foundation that were never plugged and or never effectively plugged.
As a result hereof the court finds that the defendants have breached their warranty of the premises and by clear and convincing evidence the court concludes that the defendants intentionally misrepresented their construction and condition of the house as it relates to the cellar area in connection with their repeated affirmative representations to the plaintiff that the cellar would be dry.
The defendants concede that they do owe to the plaintiff the sum of $220.00 in connection with shrubberies and use of her electrical service. In connection with what resulted as a final of punch list of things to do the court further concludes from the evidence that the defendants owe to the plaintiff the sum of $350.00.
The court heard testimony from witnesses for the plaintiff and for the defendants in connection with what work would be reasonably necessary to correct the water condition that exists on the premises and the court finds that evidence offered by the plaintiff is the credible evidence and the court finds that the evidence establishes that the reasonable cost of remedying the water defaults on the premises with an allowance for reasonable increase in costs since the estimates were made is $16,000. This cost of remediation is not at all predicated upon the necessity of acquiring easements in the future over lands of third parties.
The court concludes that a reasonable allowance in the matter of attorneys fees to prosecute this action is $2,000.
Accordingly, judgment may enter in favor of the plaintiff as against the defendants McCutcheon Burr, Westfield Street Associates and Brian Flannery in the amount of $18,570. with costs as may be taxed by the clerk and or the court.
Judgment is entered in favor of the remaining named defendants, without cost. CT Page 1189
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk